**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| iRed Ltd., ) | |
| Plaintiff, ) | |
| ) | Case No.: 21cv-4288 |
| v. ) | |
| ) | Honorable Martha M. Pacold |
| Dubak Electrical Group LLC, ) | |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant, Dubak Electrical Group, LLC ("Dubak"), by and through its attorneys, Orleans Canty Novy, LLC, and moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss Plaintiff's, iRed Ltd. ("iRed"), Complaint. In support thereof, Dubak states as follows:

### I. INTRODUCTION

On August 11, 2021, iRed commenced this lawsuit against Dubak alleging copyright infringement in violation of 17 U.S.C § 501, et seq. (Docket # 1). The alleged wrongdoing relates to a photograph depicting a piece of electrical infrastructure (the "Photograph"). (See Complaint Exhibit 1). As alleged in the Complaint, iRed allegedly authored the photograph on May 23, 2013. (Dkt. 1, ¶ 18). iRed allegedly applied to the United States Copyright Office (USCO) to register the photograph on March 17, 2021. (Dkt. 1, ¶ 19). The photograph was allegedly registered the same day. (Dkt. 1, ¶ 20). iRed claims it discovered the photograph was published on Dubak's website on or about August 13, 2020. (Dkt. 1, ¶ 21). In its Complaint, iRed seeks, inter alia, actual damages and disgorgement of profits, an order of enjoinment, costs of litigation, and pre-judgment interest attributable to the alleged copyright infringement pursuant to 17 U.S.C. §§ 502, 504, 505. (Dkt. 1).

## II. CONTROLLING AUTHORITY

"It is well settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case." *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 774 (N.D. Ill. 2011). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is proper where it appears beyond a doubt that the plaintiff "can prove no set of facts in support of its claims that would entitle it to relief." *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp. 2d 690, 694 (N.D. Ill. 2002).

## III. ANALYSIS

iRed's Complaint should be dismissed because (1) iRed fails to plead sufficient factual support showing the photograph is protected under the copyright registration; and (2) 17 U.S.C. § 412 bars iRed's recovery of certain damages for claims of copyright infringement.

<u>1. iRed Fails to Adequately Allege It Has a Valid Copyright in the Copyrighted Photograph under Registration Number VA 2-154-695.</u>

A copyright claimant may commence an infringement suit once the Copyright Office registers a copyright. *Fourth Estate Public Benefit corporation v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019). "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."

2

*Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 459 F. Supp. 3d 1058, 1101 (N.D. Ill. Feb. 24, 2020) (quoting *Feist Publn's, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 1296, 113 L.Ed.2d 358 (1991) (internal citation omitted)); *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1099 (7th Cir. 2017) (quoting *JCW Inv., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007)). While iRed allegedly received a copyright registration for the "photograph" on March 17, 2021, iRed has failed to adequately allege ownership of a valid copyright.

17 U.S.C. § 410 provides, in relevant part:

> In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

17 U.S.C. § 410(c).

In the Complaint, iRed alleged that it authored the photograph on May 23, 2013 and received Registration No. VA 2-246-476 on March 17, 2021 (the "Copyright"). (Dkt. 1, ¶¶ 18, 19). iRed is not entitled to any presumption of validity of its alleged copyright in the photograph because it has failed to attach evidence to its Complaint that the photograph allegedly used by Dubak was part of the materials submitted by iRed with the Copyright. Instead, iRed merely provides a photocopy of a photograph, and nothing else. iRed did not attach a copyright registration certificate or the materials that were required to be submitted during the copyright application process. There is no indication that the "photograph" that is depicted in Exhibit 1 of the Complaint and is the basis for iRed's Complaint is in fact the "photograph" that iRed allegedly registered under Registration No. VA 2-246-476. iRed must show that it has a valid registration on the photograph attached to its Complaint before commencing this litigation.

3

Furthermore, it would be unfair to force Dubak to defend itself in a copyright infringement case when it does not know what the Registration Number VA 2-246-476 protects. Because iRed failed to attach any evidence that it owns a valid copyright and failed to adequately show the Photograph is indeed protected under Reg. No. VA 2-246-476, this Court should dismiss the Complaint.

2. iRed is Barred from Receiving Attorneys' Fees under 17 U.S.C. § 505 Because iRed Registered the Copyrighted Photograph more than Six Months after the Alleged Infringement.

Under 17 U.S.C. § 412, statutory damages and attorneys' fees, as provided by 17. U.S.C. §§ 504 and 505, for copyright infringement are not available before the effective date of its registration, unless such registration is made within three months after the first publication of the work or one month after the copyright owner has learned of the infringement. See, e.g., *Maui Jim, Inc. v. SmartBuy Guru Enterprises*, 459 F. Supp. 3d 1058, 1104 (N.D. Ill. Feb. 24, 2020); *FM Indus., Inc. v. Citicorp Credit Servs., Inc.*, 614 F.3d 335, 336 (7th Cir. 2010) (citing 17 U.S.C. § 412); *Intercom Ventures, LLC v. City Media Plus Ex-Yu Streaming*, No. 12-cv-10275, 2013 WL 4011052, at * 5 (N.D. Ill. Aug. 6, 2013).

iRed alleged that it authored the photograph on May 23, 2013; that Dubak allegedly copied and posted the photograph on its website on or about August 13, 2020; and that iRed received Registration No. VA 2-246-476 on March 17, 2021. (Dkt. 1, ¶¶ 18 – 20), i.e., more than *six months* after the alleged infringement. iRed's failure to timely register its photograph with the U.S. Copyright Office within three months after publication or month after the alleged infringement bars iRed's right to recover statutory damages under 17. U.S.C. § 504 and attorneys' fees under 17. U.S.C. § 505.

iRed has specifically requested relief including costs of the litigation in its prayer for relief. (Dkt. 1, ¶ 19; Prayer for Relief ¶¶ D). To the extent that iRed's prayer includes attorney's fees, such relief is barred. Therefore, Dubak respectfully asks this Court for an order barring iRed from claiming attorneys' fees.

WHEREFORE, Defendant, Dubak Electrical Group, LLC, respectfully requests that this Court:

A. Dismiss Plaintiff's Complaint;

B. Dismiss Plaintiff's request for relief for costs of litigation to the extent it includes attorneys' fees under 17 U.S.C. §505 with prejudice; and

C. Any other relief this Court deems just.

> Respectfully submitted,
>
> Dubak Electrical Group, LLC,
> Defendant.
>
> By: ___/s/ *Bradley A. Bertkau*___
> One of its Attorneys

Bradley A. Bertkau (bbertkau@ocnlaw.com)
Steven M. Canty (scanty@ocnlaw.com)
ORLEANS CANTY NOVY, LLC
65 East Wacker Place, Suite 1220
Chicago, IL 60601
847/625-8200
847/625-8262 – Fax
Service@OCNLaw.com

5